FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 6 2015

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRIOT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEDRIC JONES                                                    PLAINTIFF

VS.                        5:15 CV 213- BRW

RANDY JACKSON; Individually and in his official
capacity as a deputy sheriff of Jefferson County, Arkansas and as
officer of the TRI-COUNTY DRUG TASK FORCE;
JEFFERSON COUNTY, ARKANSAS;
TRI-COUNTY DRUG TASK FORCE;
GERALD ROBINSON, Individually and in his official
capacity as Sheriff of Jefferson County, Arkansas and as
chief executive of the TRI-COUNTY DRUG TASK FORCE;
JOHN DOES 1 THROUGH 10, Individually and in their
official capacities                                            DEFENDANTS

## COMPLAINT

Comes the Plaintiff, Dedric Jones, through his attorney, and for his Complaint

states:

### INTRODUCTION AND PARTIES

1. This is a civil action seeing damages against the defendants for committing

acts, under color of law, which deprived Plaintiff of rights secured under the

Constitution and laws of the United States and the State of Arkansas,

2. Plaintiff is a citizen and resident of Pine Bluff, Jefferson County, Arkansas.

3. Defendant Randy Jackson was, at the times relevant to this complaint, a

1

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

deputy sheriff of Defendant Jefferson County, Arkansas and an officer of Defendant Tri County Drug Task Force. At all times relevant to this complaint he was acting under color of law and pursuant to official custom and policy.

4.     Defendant Jefferson County, Arkansas is a political subdivision of the State of Arkansas. The Jefferson County Sheriff's Department is operated by Jefferson County.

5.     Defendant Tri-County Drug Task Force is an agency created under the laws of the State of Arkansas but administered by local governmental units. The Jefferson County Sheriff is ultimately responsible for the Tri-County Drug Task Force.

6.     Defendant Gerald Robinson was, at all times relevant to this complaint, the Sheriff of Jefferson County, Arkansas and chief executive of the Tri-County Drug Task Force. Upon information and belief, he was the chief policymaker for both entities. As such, he acted under color of law and pursuant to custom and policy of Jefferson County, Arkansas and its Sheriff's Department and Tri-County Drug Task Force. Defendant Robinson was responsible for the training and supervision of all officers under the command of the Sheriff's Department and the Tri-County Drug Task Force and for ensuring that the personnel of the Sheriff's Department and the Tri-County Drug Task Force obeyed the laws and Constitutions of the United States

2

and the State of Arkansas.

7.  Defendants John Does 1 through 10 are other officers employed by the Jefferson County Sheriff's Department or the Tri-County Drug Task Force and whose identities have not yet been determined but who, upon information and belief, exercised supervisory responsibility over Defendant Jackson and who were policymakers for either or both entities.  At all times relevant hereto, they were acting in such capacity as supervisors of the Sheriff's Department or the Tri-County Drug Task Force and acting under color of state law and pursuant to custom and policy.

8.  All individual defendants are sued in their individual and official capacities.

## JURISDICTION AND VENUE

9.  This action arises under 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Arkansas, specifically the Arkansas Civil Rights Act.    Jurisdiction of this court is based on 28 U.S.C. §§ 1331 and 1343.  Venue in this district is proper because the events at issue took place within this district and the Plaintiff and defendants are found in this district.

## FACTS

10.  On July 5, 2014,  Plaintiff Dedric Jones was a customer at Swann's Bar and Lounge in Pine Bluff, Jefferson County, Arkansas.  At that time, Defendant

Jackson entered the business, identified himself as a law enforcement officer and began to argue with another patron.   Defendant Jackson or someone acting under his direction commanded the other patron to leave the business.   Plaintiff assisted the other patron in leaving in order to defuse the situation.   Immediately after the other patron left the premises, while Plaintiff was standing in the parking lot, Defendant Jackson shot and wounded Plaintiff without any provocation or justification.

11.   The gunshot was to Plaintiff's chest, causing Plaintiff to be hospitalized for several weeks and has caused severe mental distress,   significant pain and suffering; medical, hospital and pharmaceutical expenses and permanent disability.

## COUNT 1

ACTION UNDER 42 U.S.C. § 1983 AGAINST JACKSON FOR VIOLATION OF CIVIL RIGHTS OF DEDRIC JONES.

12.   Plaintiff incorporates all previous allegations as set forth in full.

13. The actions of Defendant Jackson in shooting Plaintiff without provocation or justification violated Plaintiff's rights as guaranteed by the Fourth Amendment (unreasonable seizure), Fifth Amendment (due process of law), Eighth Amendment (prohibition against cruel and unusual punishment), and the Fourteenth Amendment (due process of law and privileges and immunities).

## COUNT 2

4

ACTION UNDER 42 U.S.C. 1983 AGAINST JEFFERSON COUNTY AND THE TRI-COUNTY DRUG TASK FORCE FOR VIOLATION OF THE CIVIL RIGHTS OF DEDRIC JONES.

14.  Plaintiff incorporates by reference all previous allegations as set forth in full.

15.  Jefferson County, Arkansas is the ultimate authority for the Jefferson County Sheriff's Department and the Tri-County Drug Task Force in the development of and/or acquiescence in policies, procedures, practices and customs. Those policies, procedures, practices and customs caused the hiring of Defendant Jackson although he had a criminal record and failed to properly train, instruct and supervise Jackson and others on the proper use of force.

16.  In engaging in and following its policies, Jefferson County and the Tri-County Drug Task Force violated Plaintiff's rights as guaranteed by the Fourth Amendment (unreasonable seizure), Fifth Amendment (due process of law), Eighth Amendment (prohibition against cruel and unusual punishment), and the Fourteenth Amendment (due process of law and privileges and immunities).

<u>COUNT 3</u>

ACTION UNDER 42 U.S.C. § 1983 AGAINST SHERIFF ROBINSON FOR VIOLATION OF THE CIVIL RIGHTS OF DEDRIC JONES.

17. Plaintiff incorporates by reference all previous allegations as set forth in full.

18. As Sheriff of Jefferson County and policymaker for the County and the Tri-County Drug Task Force, Defendant Robinson was directly responsible for the development, permitting the development of and/or acquiescence in policies, procedures, practices and customs in failing to properly train, instruct and supervise Defendant Jackson and others on the proper use of force.

19. In engaging in and following those policies, Defendant Robinson violated Plaintiff's rights as guaranteed by the Fourth Amendment (unreasonable seizure), Fifth Amendment (due process of law), Eighth Amendment (prohibition against cruel and unusual punishment), and the Fourteenth Amendment (due process of law and privileges and immunities).

<u>COUNT 4</u>

ACTION UNDER 42 U.S.C. 1983 AGAINST JOHN DOES 1-10 FOR VIOLATION OF THE CIVIL RIGHTS OF DEDRIC JONES.

20. Plaintiff incorporates by reference all previous allegations as set forth in full.

21. Upon information and belief, John Does 1 through 10 were directly responsible for the development, permitting the development of and/or acquiescence

in policies, procedures, practices and customs in failing to properly train, instruct and supervise Defendant Jackson and others on the proper use of force.

22.   In engaging in and following its policies, John Does 1 through 10 violated Plaintiff's rights as guaranteed by the Fourth Amendment (unreasonable seizure), Fifth Amendment (due process of law), Eighth Amendment (prohibition against cruel and unusual punishment), and the Fourteenth Amendment (due process of law and privileges and immunities).

## COUNT 5

VIOLATION OF ARKANSAS CIVIL RIGHTS ACT BY DEFENDANTS RANDY JACKSON, JEFFERSON COUNTY, ARKANSAS; TRI-COUNTY DRUG TASK FORCE; GERALD ROBINSON, AND JOHN DOES 1 THROUGH 10

23.  Plaintiff incorporates by reference all previous allegations as set forth in full.

24.  The Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 et seq. grants a right of action for the deprivation of rights created by the Arkansas Constitution.   Each of the defendants listed above is a person subject to liability under Ark. Code Ann. § 16-123-105. These defendants acted under color of state law as that term is used in Ark. Code Ann. § 16-123-105 and subjected Plaintiff to deprivation of his state constitutional rights and damages therefrom.

7

25.  By Defendant Jackson's act of shooting Plaintiff without provocation or justification and by Defendants Jefferson County, Tri-County Drug Task Force, Robinson and John Does 1-10, through 10 actions and omissions in the development of and/or acquiescence in policies, procedures, practices and customs in failing to properly train, instruct and supervise Defendant Jackson and others on the proper use of force, they violated Plaintiff's rights as guaranteed by Article 2 Sec. 15 of the state Constitution (unreasonable seizure), Article 2 Sec. 8 of the state Constitution (due process of law), and Article 2 Sec. 9 of the state Constitution (prohibition against cruel and unusual punishment).

26. Under the Arkansas Civil Rights Act, Plaintiff is entitled to compensatory and punitive damages as well as the costs of litigation and a reasonable attorney's fee.

## PENDENT STATE TORT OF BATTERY

27.  Plaintiff incorporates by reference all previous allegations as set forth in full.

28.   The conduct of Defendant Jackson constitutes the tort of battery. Defendant Jackson acted with intent to cause  harmful or offensive contact to Plaintiff and that a harmful or offensive contact resulted.

29.  Defendant Jackson was acting in the scope of his duties at the time of his actions.  Thus  Defendants Jefferson County and Tri-County Drug Task Force are

8

liable under the doctrine of *respondeat superior*.

## PENDENT STATE TORT OF OUTRAGE

30. Plaintiff incorporates by reference all previous allegations as set forth in full.

31. Defendant Jackson willfully and wantonly engaged in extreme and outrageous conduct. This conduct proximately caused damage to Plaintiff in the nature of emotional distress and bodily harm. Plaintiff sustained damages therefrom.

32. Defendant Jackson was acting in the scope of his duties at the time of his actions. Thus Defendants Jefferson County and Tri-County Drug Task Force are liable under the doctrine of respondeat superior.

## DAMAGES

33. Plaintiff incorporates by reference all previous allegations as set forth in full.

34. As a direct and proximate result of the acts and omissions described herein, Plaintiff seeks damages as follows:

a. Mental anguish and conscious pain and suffering;

b. Medical, hospital and pharmaceutical expenses;

c. Compensation for permanent disability

d. Punitive damages

9

e. Costs and attorneys fees pursuant to 42 USC §1988 and the Arkansas Civil

Rights Act.

## DEMAND FOR JURY TRIAL

35. Plaintiff demands trial by jury.

DEDRIC JONES

JEFF ROSENZWEIG
Ark. Bar No. 77115
300 Spring St. Suite 310
Little Rock, AR 72201
(501) 372-5247
jrosenzweig@att.net

*Attorney for Plaintiff*

10